UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TIMOTHY BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   13-CV-3056 |
| | ) |
| SHAN JUMPER, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

Plaintiff alleges that he has been requesting sex offender treatment for years, but that Defendants have repeatedly denied Plaintiff's requests or stalled Plaintiff's treatment by erecting new barriers Plaintiff must hurdle before he can obtain treatment. Plaintiff must progress in sex offender treatment in order to be considered for release from the facility.

The Constitution forbids deliberate indifference to Plaintiff's serious medical needs, including Plaintiff's mental health needs.  A plausible inference arises from Plaintiff's confinement that Plaintiff has a serious mental disorder needing treatment.  A plausible inference of deliberate indifference against Defendants' arises based on their alleged refusal to give Plaintiff that treatment.  Accordingly, Plaintiff states an arguable constitutional claim, and his petition to proceed in forma pauperis will be granted.

IT IS ORDERED:

1. The hearing scheduled for April 22, 2013 is cancelled.  The clerk is directed to notify Plaintiff's prison of the cancellation.
2. Pursuant to its review of the Complaint, the Court finds that Plaintiff states a federal constitutional claim for deliberate indifference to his serious mental disorder.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.
3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and

Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal

Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9.  This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on June 10, 2013 at 2:00 p.m., or as soon

as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

10.  Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11.  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:   April 16, 2013

FOR THE COURT:

                                   **s/Sue E. Myerscough**
                                   SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE